**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS J. FERNANDEZ,

    Defendant-Appellant.

No. 11-3135
(D.C. Nos. 6:10-CV-01118-WEB and
6:08-CR-10141-WEB-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

    In 2009, Thomas Fernandez pleaded guilty to one count of conspiracy to

distribute cocaine, methamphetamine, and marijuana. In due course, Mr.

Fernandez filed a motion in the district court seeking relief from this conviction

under 28 U.S.C. § 2255. The district court, however, denied the petition. It did

so because Mr. Fernandez's plea agreement with the government expressly

waived his right to pursue a § 2255 petition; such waivers are "generally

enforceable where [they are] expressly stated in the plea agreement and where

_____

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

both the plea and the waiver [are] knowingly and voluntarily made," *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001); and, in the district court's view, Mr. Fernandez couldn't show that he agreed to the waiver in his plea agreement unknowingly or involuntarily. In response to this ruling, Mr. Fernandez requested a certificate of appealability ("COA"), which the district court also denied. So it is that Mr. Fernandez now seeks a COA from this court.

We may grant a COA only if Mr. Fernandez makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Fernandez must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Fernandez fails to meet this high threshold. Before us, he argues that his plea agreement waiver wasn't knowing and voluntary — and, thus, he should be allowed to pursue a § 2255 motion — for essentially three reasons.

First, Mr. Fernandez alleges that the government coerced him to plead guilty by threatening to prosecute his wife and mother. The government is, of course, held to a "high standard of good faith" when seeking to employ such tactics in plea negotiations. *United States v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994). But a plea entered to obtain leniency for third persons is not unlawfully

coercive, this court has held, if the government actually has probable cause to charge those persons. *Id.* at 499. And in this case the district court found the detailed allegations contained in the second superseding indictment demonstrated that the government possessed probable cause to charge both Mr. Fernandez's wife and mother. Therefore, the district court held, the government's alleged threats, if made, did not render Mr. Fernandez's plea involuntary as a matter of law. We cannot say that this assessment of Mr. Fernandez's claim is reasonably debatable given this court's settled case law.

Second, Mr. Fernandez argues that his waiver of § 2255 rights was ineffective because he did not understand the terms of his plea agreement. However, the district court performed a thorough Rule 11 plea colloquy in which Mr. Fernandez twice acknowledged the waiver of his collateral attack rights. *See* ROA at vol. 3, pg. 48-50. Accordingly, this claim is also without merit.

Finally, Mr. Fernandez argues that his attorney provided ineffective assistance of counsel during the course of plea negotiations, such that he didn't appreciate the nature of his plea agreement. As the district court noted, however, Mr. Fernandez has provided no facts to support this allegation and the plea colloquy shows he was fully informed of and understood the waiver he agreed to.

Because we conclude that no reasonable jurist would debate the district

court's disposition of Mr. Fernandez's claims, we deny Mr. Fernandez's application for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge